### ANDERSON DUDLEY v. COMMONWEALTH.

**Criminal Law—Homicide—Instructions.**

Where three persons are jointly indicted for murder, and in the separate trial of one it is shown that he was present at the killing, and called on one of the others to kill the deceased, and struck him himself, even though the blow of the other perhaps was fatal, he is guilty as a principal and the court correctly refused to instruct the jury that the guilt or innocence of the defendant was to be determined by that of the other who struck the fatal blow.

### APPEAL FROM FAYETTE CIRCUIT COURT.

February 8, 1875.

OPINION BY JUDGE PETERS:

Appellant having been indicted with Henry Henderson and Ki West for the murder of Patrick Riley, was in a separate trial found guilty of manslaughter by a jury, and his punishment fixed at fifteen years confinement in the state prison. The court below having overruled his motion for a new trial, and rendered judgment in conformity to the verdict of the jury, he has appealed to this court.

The learned attorneys for appellant insist that the court below, in instructing the jury, erred in failing to state to them in clear and explicit language that the guilt or innocence of appellant was to be determined by that of Henderson, who was, according to their theory, the principal.

All three of the persons named were indicted as principals, and it is clearly and satisfactorily shown by the evidence that appellant was present and actively participated in the combat. He not only called on Henderson, who perhaps struck the fatal blow, to kill Riley, but struck him with a stone on the head or neck himself, so that if the mortal wound was not inflicted by appellant's own hand, it was done with his avowed approval, and in anticipation of his own purpose. Instruction No. 3, given by the court on that point, was as favorable to appellant as he was entitled to have it. And after a

careful examination of the instructions given and refused by the court below, we have been unable to find any error prejudicial to appellant, and as no other grounds are relied upon for reversal except the refusal of instructions asked by appellant, and the giving of some objected to by him, the judgment must be *affirmed*.

*Morton & Parker, Buford, for appellant.*
*J. W. Rodman, for appellee.*